**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

HILDA BUCKLEY                                                                           PLAINTIFF

v.                                                    No. 4:10CV02009 JLH

UNIVERSITY OF ARKANSAS
BOARD OF TRUSTEES                                                              DEFENDANT

**OPINION AND ORDER**

Hilda Buckley commenced this action against the University of Arkansas Board of Trustees

alleging that her employment with the University of Arkansas for Medical Sciences was terminated

in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 and the Age

Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a).  The University has moved to

dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on two grounds.  The

University argues, first, that Buckley failed to file her charge with the Equal Employment

Opportunity Commission in a timely fashion, and secondly, that sovereign immunity bars Buckley's

claims under the ADEA.

Buckley alleges in her complaint that her employment was terminated on December 3, 2009.

She also alleges in her complaint that she filed a charge of discrimination with the EEOC on June 2,

2010.  The EEOC issued its Dismissal and Notice of Rights on September 10, 2010.  Buckley

commenced this action on December 10, 2010.

As the Eighth Circuit has said, "Under Title VII, a discrimination charge must be filed with

the Equal Employment Opportunity Commission (EEOC) no later than 180 days after the 'alleged

unlawful employment practice occurred,' *see* 42 U.S.C. § 2000e-5(e)(1)." *Diaz v. Swift-Eckrich,*

*Inc.*, 318 F.3d 796, 798 (8th Cir. 2003).

Although she alleged in her complaint that the EEOC charge was filed on June 2, 2010, Buckley now argues that it was actually filed on June 1, 2010. She has attached to her response to the motion to dismiss an affidavit along with copies of documents that she submitted to the EEOC. Her affidavit and the attached documents show that on May 25, 2010, the EEOC sent by facsimile a Form 5, which was complete except for her signature, to Buckley for her to sign. On June 1, 2010, Buckley crossed out the first two paragraphs because they were inaccurate. She attached a statement clarifying the allegations and noted on the form "See attachment on next page." She signed the Form 5 under penalty of perjury and dated it June 1, 2010. She also signed the second page in which she clarified the allegations and also dated that page June 1, 2010. She then returned the form to the EEOC on June 1, 2010, by facsimile. The facsimile confirmation at the top of the document shows that Buckley sent the form to the EEOC at 16:09 on June 1, 2010, which the Court takes to be 4:09 p.m. The EEOC stamped the form as received on June 2, 2010, prepared a revised Form 5 in light of the changes that Buckley had made to the previous version of the Form 5, and sent the revised Form 5 to her on June 2, 2010. Buckley signed the revised form and faxed it back to the EEOC on June 2, 2010, at 15:46, which the Court takes to be 3:46 p.m. The revised form was also stamped as received by the EEOC on June 2, 2010.

The statute does not define what constitutes filing of a charge with the EEOC, but the EEOC has promulgated regulations that do. The regulations provide that a charge must be in writing, signed, and verified. 29 C.F.R. § 1601.9. The charge should contain the name, address, and telephone number of the person making the charge; the name and address of the person against whom the charge is made; a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practice; the approximate number of employees of the employer; and a statement as to whether proceedings have begun before a state or local agency

charged with the employment of fair employment practice laws.  29 C.F.R. § 1601.12(a).  A charge

is sufficient, however, "when the Commission receives from the person making the charge a written

statement sufficiently precise to identify the parties, and to describe generally the action or practices

complained of."  29 C.F.R. § 1601.12(b).  A charge is filed with the Commission upon receipt, and

it is timely filed if received by the Commission within 180 days from the date of the alleged

violation.  29 C.F.R. § 1601.13(a)(1).

The Form 5 that Buckley sent by facsimile to the EEOC on June 1, 2010, meets the

regulatory requirements for a charge.  It contains Buckley's name, address, and telephone number;

the name and address of the employer; a statement of the facts, including pertinent dates, regarding

the alleged unlawful employment practice; and an estimate of the number of employees employed

by the employer.  The Form 5 was signed by Buckley under oath and therefore was verified.

Consequently, the submission sent by Buckley to the EEOC by facsimile on June 1, 2010,

constituted the filing of an EEOC charge on that date, even though the EEOC stamped the document

as received on the following day.

The defendant argues that the filing of the EEOC charge was untimely, even if it was filed

on June 1, 2010, because June 1, 2010, was 181 days after December 3, 2009, when Buckley was

discharged.  Rule 6(a)(1) of the Federal Rules of Civil Procedure provides that in computing any

time under the rules or a statute that does not specify a method of computing time, the Court should

exclude the day of the event that triggers the period, and then count every day including the last day

of the period (unless the last day is Saturday, Sunday, or a legal holiday).  Following that method of

computation, June 1, 2010, was the 180th day after December 3, 2009.  Therefore, Buckley's EEOC

charge was timely filed.

Apart from the issue of the timeliness of the EEOC charge, the Board of Trustees argues that

sovereign immunity under the Eleventh Amendment bars Buckley's ADEA claim.

As the Seventh Circuit has stated,

> The [Eleventh] Amendment usually bars actions in federal court against a state, state agencies, or state officials acting in their official capacities, *see Gossmeyer v. McDonald,* 128 F.3d 481, 487 (7th Cir. 1997), but three exceptions exist. First, a state may waive immunity by consenting to suit in federal court; second, Congress may abrogate the state's immunity through a valid exercise of its powers; third, under the *Ex parte Young* doctrine, a plaintiff may file "suit[ ] against state officials seeking prospective equitable relief for ongoing violations of federal law. . . ." *Marie O. v. Edgar,* 131 F.3d 610, 615 (7th Cir. 1997); *see Ex parte Young,* 209 U.S. 123, 159-60, 28 S. Ct. 441, 52 L. Ed. 714 (1908). [The plaintiff] does not contend that [the State] consented to suit in federal court. Her ability to resort to the second exception was cut short in *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 91, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000), where the Court held that "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." So only the *Ex parte Young* exception remains . . . .

*Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007).

The Eighth Circuit has explained in a case in which the defendant was Arkansas State

University:

> The University argues the Eleventh Amendment bars suit against the University for any kind of relief, not merely monetary damages. We agree. While under the doctrine set forth in *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine does not extend to states or state agencies. *See Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*, 443 F.3d 1005, 1017 (8th Cir. 2006), *vacated on other grounds*, __ U.S. __, 127 S. Ct. 3000, __ L. Ed. 2d __ (2007) (recognizing that only state officials, as opposed to state agencies, can be sued for prospective injunctive relief in dismissing claims against state agency); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Alabama v. Pugh*, 438 U.S. 781, 781-82, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978). Accordingly, the district court erred by permitting Monroe to proceed against the University for injunctive relief. We remand to the district court for entry of an order dismissing the University.

*Monroe v. Ark. St. Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). *See also Fikse v. State of Iowa Third*

*Jud. Dist.*, 633 F. Supp. 2d 682, 691 (N.D. Iowa 2009) (while state officials may be sued in their

official capacities for injunctive relief, the same doctrine does not extend to state or state agencies);

*Jackson v. Univ. of Ark. for Medical Sciences*, No. 4:08CV04234-WRW, 2009 WL 890518, \*1 (E.D.

Ark. March 31, 2009) (same); *Harrison v. Univ. of Ark.*, No. 4:06CV00904-WRW, 2008 WL

2622854, \*2 (E.D. Ark. July 1, 2008) (same).

Here, Buckley has not brought suit against a state official; she has brought suit against the

Board of Trustees of the University of Arkansas.  The University of Arkansas is an agency of the

state and is immune from suit.  *InfoMath, Inc. v. Univ. of* Ark., 633 F. Supp. 2d 674, 678 (E.D. Ark.

2007); *Greenwood v. Ross*, No. LR-C-79-406, 1988 WL 156151, \*12 (E.D. Ark. Jan. 29, 1988).  The

governing bodies of state universities enjoy the same immunity from suit as the universities

themselves.  *Peirick*, 510 F.3d at 695.  Consequently, Buckley's ADEA claim is barred by the

doctrine of sovereign immunity and must be dismissed in its entirety.

## CONCLUSION

For the reasons stated above, the motion to dismiss filed by the Board of Trustees of the

University of Arkansas is GRANTED IN PART and DENIED IN PART.  Document #2.  The

motion to dismiss is granted as to Buckley's claim that the Board of Trustees violated the Age

Discrimination in Employment Act of 1967 but denied as to Buckley's claim that the Board of

Trustees violated Title VII of the Civil Rights Act of 1964.[1]

IT IS SO ORDERED this 28th day of January, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Congress validly abrogated the sovereign immunity of the state in Title VII.  *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S. Ct. 2666, 49 L. Ed. 2d 614 (1976); *Okruhlik v. Univ. of Ark. ex rel. May*, 255 F.3d 615 (8th Cir. 2001).