**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

HILDA BUCKLEY                                                                                                    PLAINTIFF

v.                                           No. 4:10CV02009 JLH

UNIVERSITY OF ARKANSAS
BOARD OF TRUSTEES                                                      DEFENDANT

**ORDER**

The Board of Trustees of the University of Arkansas has filed a motion for costs pursuant to Federal Rule of Civil Procedure 54(d)(1). That rule provides that costs "should be allowed to the prevailing party," which creates a presumption that the prevailing party is entitled to costs. *Greaser v. State of Mo. Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party," *id.*, including the discretion to refuse to tax costs in favor of the prevailing party. *Hibbs v. K-Mart Corp.*, 870 F.2d 435, 443 (8th Cir. 1989). That the losing party lacks the financial resources to pay an award of costs is a factor that may be considered in this context. *Mulvihill v. Spalding Worldwide Sports, Inc.*, 239 F. Supp. 2d 121, 122 (D. Mass. 2002).

The record of this case shows that Hilda Buckley is unemployed and has filed a petition for protection from her creditors pursuant to the bankruptcy laws of the United States. Apart from the issue of whether the automatic stay, 11 U.S.C. § 362, would bar an award of costs (an issue that has not been briefed), the fact that Buckley is in bankruptcy is a factor that weighs heavily against an award of costs. In view of the fact that UAMS has a budget that exceeds $1.3 billion,[1] and in view

---

[1] See *The Impact of the University of Arkansas for Medical Sciences*, prepared by Battelle Memorial Institute Technology Partnership Practice for the University of Arkansas for Medical Sciences (December 2010).

of the fact that Buckley is unemployed and in bankruptcy proceedings, it would be inequitable to award costs.  Therefore, the motion for costs is DENIED.  Document #67.

    IT IS SO ORDERED this 28th day of February, 2012.

                                                      _____
                                                      J. LEON HOLMES
                                                      UNITED STATES DISTRICT JUDGE